# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

_____

IN RE

JACQUELINE M. ANTONIE,

**Debtor.**

| | |
|---|---|
| | **Bankruptcy Case No. 09-01569-JDP** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Brian John Coffey, Boise, Idaho, Attorney for Debtor.

    Jeremy Gugino, Boise, Idaho, Chapter 7 Trustee.

## Introduction

At issue before the Court is whether Debtor Jacqueline M. Antonie ("Debtor") is entitled to an exemption in a mobile home pursuant to § 522(b)(3)(B).[1] Following a hearing on March 22, 2010, the Court took the

_____

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 1

chapter 7 trustee's objection to the exemption claim under advisement.

Having reviewed the record, the arguments of the parties, and the

applicable law, the Court concludes Debtor is not entitled to the

exemption.[2]

### Facts

Without the assistance of counsel, Debtor filed a petition for relief

under chapter 7 of the Bankruptcy Code on June 2, 2009.  Docket No. 1.  At

that time, she and her mother, Frances W. Bruckner, jointly owned a house

and a mobile home.  Debtor resided in the house located in Boise; her

mother resided in the mobile home located in Garden City.  When Debtor

filed her bankruptcy schedules on June 16, 2009, she listed her joint interest

in the house on schedule A,[3] and listed a "partial interest" in the mobile

---

[2] This Memorandum sets forth the Court's findings of fact and
conclusions of law.  Rules 7052, 9014.

[3] Schedule A instructs married debtors to indicate whether real property
listed on this schedule is owned by the husband, the wife, both, or the marital
community.  Debtor is not married, but nonetheless indicated that she owned a
joint interest in the home by placing a "J" in the column labeled "Husband, Wife,
Joint, or Community."

MEMORANDUM OF DECISION - 2

home on schedule B.  Docket No. 17.  Debtor claimed that her interests in

both homes were exempt on schedule C, citing Idaho Code § 55-1003 for

the house, and Idaho Code § 11-605(10) for the mobile home.  *Id*.  With

respect to the mobile home, Debtor claimed the amount of the exemption

and the value of the property were both $800.  *Id.*

Chapter 7 trustee, Jeremy J. Gugino ("Trustee") timely objected to

Debtor's claim of exemption in the mobile home, arguing that Debtor was

impermissibly attempting to exempt 100% of the value of the mobile

home, and that the exemption should be limited to $800.  Docket No. 27.

On August 28, 2009, Debtor amended her schedules.  Docket No. 32.  In

her amended schedule B, Debtor listed the value of her interest in the

mobile home at $17,500.  *Id.*  She also amended her claim of exemption,

this time seeking to exempt the mobile home pursuant to § 522(b)(3)(B),

rather than Idaho Code § 11-605(10).  *Id.*  In her amended schedule C,

Debtor listed the value of her claimed exemption and the value of the

mobile home as $35,000.  *Id.*

MEMORANDUM OF DECISION - 3

Trustee amended his objection, arguing that because Idaho had

"opted out" of the federal bankruptcy exemption scheme, Debtor was

improperly attempting to invoke a federal exemption, and Debtor's

exemption claim should be disallowed. Docket No. 33. In his amended

objection, Trustee included a notice, pursuant to Local Bankruptcy Rule

2002.2(d), that if no response to the objection was filed within 30 days, the

Court may assume that there was no opposition to the relief requested,

and it could grant such relief without further notice or hearing. *Id.* Debtor

did not respond to the amended objection, and at Trustee's request, an

order disallowing the exemption claimed under § 522(b)(3)(B) was entered

on October 7, 2009. Docket No. 38.

Three months later, on January 6, 2010, an attorney[4] appeared as

counsel for Debtor in the bankruptcy case; he promptly caused Debtor's

schedules B and C to be amended yet again. *See* Docket Nos. 43, 45, and

---

[4] The same lawyer also represents Debtor's mother in her bankruptcy
case. *See In re Bruckner*, Case No. 10-00022-JDP, Docket No. 1. Because Trustee
raised no objection to this arrangement, the Court therefore expresses no opinion
regarding its propriety.

MEMORANDUM OF DECISION - 4

46.  This time, Debtor's interest in the mobile home was valued at $25,000

on amended schedule B, and the value of the exemption was raised to

$50,000 on amended schedule C.  Docket Nos. 45 and 46.  No change was

made to the statute under which Debtor sought the exemption, *i.e.,*

§ 522(b)(3)(B).  Docket No. 46.  Trustee objected to this amended claim of

exemption for the same reasons set forth in his earlier objection.  In

addition, Trustee argued that Debtor was precluded from amending the

claim of exemption since his earlier objection had already been sustained

by the Court in a final order.  Docket No. 47.

## Discussion

When a bankruptcy petition is filed, an estate is created which is

comprised of, among other things, "all legal or equitable interests of the

debtor in property as of the commencement of the case."  11 U.S.C.

§ 541(a)(1).  However, in bankruptcy cases, individual debtors may exempt

certain types of property from administration by the trustee.  *In re*

*Almgren*, 384 B.R. 12, 15 (Bankr. D. Idaho 2008).  Specifically, the Code

MEMORANDUM OF DECISION - 5

allows an individual debtor to exempt "property listed in either paragraph (2) or, in the alternative, paragraph (3) of [§ 522(b)]."  11 U.S.C. § 522(b)(1).

Section 522(b)(2) lists no types of property; it instead refers debtors to subsection (d) for the various categories of exempt property.  However, a debtor's right to select the subsection (d) slate of exempt property is not available if "the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize."  11 U.S.C. § 522(b)(2).  Idaho is one of the many states which has elected to restrict the right of its residents to claim exemptions under this provision.  *See In re Sanders*, 91 I.B.C.R. 205, 206 (Bankr. D. Idaho 1991) ("Idaho has elected through legislative directive, Idaho Code § 11-609, to restrict its residents from access to the specific Federal bankruptcy exemptions found in Section 522(d) of the Code[.]").  As a result, Idaho residents are left with the alternative of claiming the exemptions listed under § 522(b)(3), which provides that:

> Property listed in this paragraph is –
>
> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this

MEMORANDUM OF DECISION - 6

section, or State or local law that is applicable on the date of
the filing of the petition . . .;

(B) any interest in property in which the debtor had,
immediately before the commencement of the case, an interest
as a tenant by the entirety or joint tenant to the extent that
such interest as a tenant by the entirety or joint tenant is
exempt from process under applicable nonbankruptcy law;
and

(C) retirement funds to the extent that those funds are in a
fund or account that is exempt from taxation under [specific
sections of the Internal Revenue Code.]

11 U.S.C. § 522(b)(3).

In this case, Debtor has attempted to claim an exemption in her joint

interest in the mobile home under § 522(b)(3)(B), to which Trustee has

objected.  As the objecting party, Trustee bears the burden of proving that

Debtor's claim of exemption is not proper.  Rule 4003(c); *Carter v. Anderson*

*(In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R.

497, 502 (Bankr. D. Idaho 2005).  To that end, Trustee makes three principal

arguments.

First, Trustee argues that because Idaho has "opted-out" of the

Federal bankruptcy exemption scheme, debtors filing bankruptcy cases in

MEMORANDUM OF DECISION - 7

this State are limited to only those exemptions allowed under Idaho law,

and as a result, Debtor should not be allowed to claim an exemption under

§ 522(b)(3)(B), a federal exemption.  Next, Trustee contends that, even if

the Court determines that § 522(b)(3)(B) is available to Debtor, this

provision is of no help to Debtor because her interest in the mobile home

would not otherwise be exempt from process under Idaho law.  And

finally, Trustee contends that, even should his other arguments fail, Debtor

is precluded from claiming an exemption in the mobile home in this case

because his earlier objection to Debtor's claim was sustained and the

exemption was disallowed.  Debtor disagrees with each of Trustee's

arguments.

## I.

Trustee's preclusion argument lacks merit.

The preclusive effect of a former adjudication is generally referred to

as "res judicata." *Robi v. Five Platters, Inc.* 838 F.2d 318, 321 (9th Cir. 1988).

However, the doctrine of res judicata includes two distinct types of

preclusion:  claim preclusion and issue preclusion. *Id.* "Claim preclusion

MEMORANDUM OF DECISION - 8

'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action."'" *Id*. (quoting *Casper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)).  This doctrine "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).  Issue preclusion, on the other hand, "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi*, 838 F.2d at 322 (quoting *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)).  "The issue must have been 'actually decided' after a 'full and fair opportunity' for litigation." *Id.*  Trustee asserts that both doctrines preclude Debtor's amended exemption claim in the mobile home.

### A.    Issue Preclusion

The Ninth Circuit Bankruptcy Appellate Panel recently identified six elements to be satisfied before issue preclusion may be applied.  It

MEMORANDUM OF DECISION - 9

described the first five as "threshold" requirements, and the final element

as a mandatory additional inquiry to be made in each case.  The elements

are:  (1) identical issue; (2) actually litigated in the former proceeding; (3)

necessarily decided in the former proceeding; (4) former decision final and

on the merits; (5) party against whom preclusion is sought either the same,

or in privity with, party in former proceeding; and (6) inquiry into

whether imposition of issue preclusion in a particular case would be fair

and consistent with sound public policy.  *Cogliano v. Anderson (In re*

*Cogliano)*, 355 B.R. 792, 802-03 (9th Cir. B.A.P. 2006) (citing *Khaligh v.*

*Hadaegh (In re Khaligh)*, 338 B.R. 817, 824-25 (9th Cir. B.A.P. 2006)).

This Court has held that a state court judgment can, in appropriate

circumstances, satisfy some of the elements outlined above, even though it

was entered by default.  *See In re Elias*, 03.4 I.B.C.R. 243, 247-48. (Bankr. D.

Idaho 2003).  Trustee asks this Court to liken the order sustaining his

earlier objection to a default judgment, since it was entered after he filed

and served his objection and Debtor failed to respond to his invitation to

do so.  So viewed, Trustee asserts that all of the requirements are satisfied,

MEMORANDUM OF DECISION - 10

and that issue preclusion should be applied. Debtor counters that the issue addressed in the order disposing of Trustee's prior objection is not identical to the one raised now because Debtor has adjusted the value of her claimed exemption in the mobile home from $35,000 to $50,000. Furthermore, Debtor points out, she was not represented by counsel when Trustee initially objected, and that objection was sustained without the benefit of a hearing.

The Court is not persuaded that simply by adjusting the value of the claimed exemption in an amended schedule C, that Debtor has created a new issue concerning her exemption claim. The issue adjudicated by the Court's prior order was, and is again now, whether Debtor is entitled to exempt the mobile home under § 522(b)(3)(B) *in any amount*. Amending the amount of the exemption claimed by Debtor does not, in the Court's view, somehow change the underlying issue to be litigated here.

However, in this case, the Court harbors concerns about whether Debtor had a full and fair opportunity to litigate this exemption issue. Trustee elected to object to Debtor's claim of exemption using a "negative

MEMORANDUM OF DECISION - 11

notice" procedure, as outlined by the Court's Local Bankruptcy Rules.  *See*

LBR 4003.1(c) ("[An] objection [to a claim of exemption] may be sustained

and the exemption disallowed without a hearing unless a hearing is

requested and set by the debtor(s), the trustee, or a party in interest."); LBR

2002.2(d) (setting forth the procedure to request relief by "negative

notice").  Because Debtor did not respond to Trustee's objection, an order

was entered sustaining it without a hearing.  While when utilized

correctly, the negative notice procedure can certainly provide a full and

fair opportunity to litigate issues surrounding exemption claims.

However, in this case, Debtor testified that at some point during her

bankruptcy case, she had difficulty receiving mail.  She explained that she

did not recall receiving Trustee's objection to her amended claim of

exemption, nor was she really aware that an order had been entered

disallowing Trustee's objection.  The certificate of service attached to

Trustee's objection indicates that Trustee served the objection upon Debtor

via U.S. mail at her Boise home address, *see* Docket No. 33, and the

Bankruptcy Noticing Center certificate of mailing indicates that the order

MEMORANDUM OF DECISION - 12

disallowing the claim of exemption was also mailed to that same address,

*see* Docket No. 40.  Though Debtor did not explicitly testify that the

address in the certificates was incorrect, or that she did not actually receive

the objection or the order, her testimony in this regard is sufficient to give

the Court pause.  As a result, in the exercise of its discretion, the Court

declines to apply issue preclusion in this case.

### B.    Claim Preclusion

Claim preclusion is a broader concept than issue preclusion.  *George*

*v. City of Morro Bay (In re George)*, 318 B.R. 729, 733 (9th Cir. B.A.P. 2004)

("Issue preclusion bars relitigation only of issues that have been actually

litigated, while the broader brush of claim preclusion may also bar a cause

of action that never has been litigated.").  For purposes of claim preclusion,

"a 'claim' is a plaintiff's right to pursue remedies 'with respect to all or any

part of the transaction, or series of connected transactions, out of which the

action arose.'"  *In re Cogliano*, 355 B.R. at 803 (quoting Restatement

(Second) of Judgments § 24(1) (1982)).

MEMORANDUM OF DECISION - 13

Notwithstanding the broader scope of this doctrine, its application in a particular case is also subject to the exercise of judicial discretion.  *In re George*, 318 B.R. at 736 (noting that neither of the preclusion doctrines are mandatory).  The Court therefore declines to apply claim preclusion as well, and will dispose of Trustee's objection on the merits.

## II.

Trustee argues that because Idaho has "opted-out" of the federal exemption scheme, individual debtors in Idaho are limited to only those exemptions provided by Idaho law.  He contends that because the statute which Debtor relies on in this case, § 522(b)(3)(B), is not an Idaho statute, the claim of exemption is therefore improper and should be denied.

Debtor disagrees with Trustee's narrow vision of the available exemptions.  In short, Debtor argues that in addition to whatever exemption she is entitled to under Idaho law, she may also exempt any property which would be exempt under other non-bankruptcy federal law (§ 522(b)(3)(A)), any interest in property held as a joint tenant (§ 522(b)(3)(B)), and any qualified retirement funds (§ 522(b)(3)(C)).

MEMORANDUM OF DECISION - 14

Trustee's argument finds support in the language of the Idaho statute and in the case law.  Idaho Code § 11-609 provides:

> In any federal bankruptcy proceeding, an individual debtor may exempt from property of the estate only such property as is specified under the laws of this state.

This Court has cited this statute repeatedly, and indicated in a general fashion that Idaho has opted-out of the federal exemption scheme leaving its residents only with exemptions allowable under Idaho law.  *See, e.g., In re Katseanes* 07.4 I.B.C.R. 79, 79 (Bankr. D. Idaho 2007); *In re Skaar*, 98.1 I.B.C.R. 13, 13 (Bankr. D. Idaho 1998).  Based solely on the text of the statute and the holdings in these cases, Trustee makes a plausible argument.  However, the issue in this case requires additional analysis.

A closer look at § 522(b)(2) provides an important clue regarding the scope of the states' "opt-out" authority.  As noted above, a debtor may select exemptions outlined in § 522(d) "unless the [applicable state law] does not so authorize."  11 U.S.C. § 522(b)(2).  In other words, the so called opt-out provision only gives states the authority to restrict the access of debtors in bankruptcy to the slate of exemptions found in § 522(d).  It does

MEMORANDUM OF DECISION - 15

not grant states the authority to restrict access to exemptions that would

otherwise be available under § 522(b)(3).

Thirty-three states have opted-out of the federal bankruptcy

exemptions provided in § 522(d).  *See* 4 Collier on Bankruptcy, ¶ 522.01 n.

2., p. 522-14 (16th ed. 2009).  Many states which have done so have

explicitly indicated in their statutes that they were restricting access to

§ 522(d) of the Code.  *See, e.g.,* Ariz. Rev. Stat. Ann. § 33-1133(B) ("in

accordance with 11 U.S.C. 522(b), residents of this state are not entitled to

the federal exemptions provided in 11 U.S.C. 522(d)."); Mont. Code Ann.

§ 31-2-106 ("An individual may not exempt from property of the estate in

any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d).").

Idaho's statute does not expressly refer to § 522(d).  But, when viewing the

text of the statute in conjunction with its title, "Nonauthorization of federal

bankruptcy exemptions," it would appear that its purpose is the same as

the laws in other states opting out of the § 522(d) list of exempt property.

The Court concludes that the Idaho legislature has only restricted access

by Idaho debtors in bankruptcy to § 522(d); it has not attempted to deny its

MEMORANDUM OF DECISION - 16

citizens the benefit of the myriad other non-bankruptcy federal exemptions available under § 522(b)(3), *i.e.*, "property that is exempt under Federal law, other than [§ 522(d).]".[5] 11 U.S.C. § 522(b)(3)(A).  Indeed, the Court has previously recognized as much.  *See In re Almgren*, 384 B.R. at 15 (noting that Idaho debtors do not have the option of claiming § 522(d) federal exemptions); *In re Sanders*, 91 I.B.C.R. at 206 (indicating that the Idaho legislature has restricted access to § 522(d), but then analyzing whether real estate commissions would be exempt under other federal law).

But is Debtor's exemption claim under § 522(b)(3)(B) proper?  In support of her position, Debtor focuses only on the fact that she held a joint tenant interest in the mobile home.  Trustee argues that owning a joint interest in property is insufficient to bestow any exemption under

---

[5] Among the kinds of property that are deemed exempt under Federal nonbankruptcy law are:  foreign service retirement and disability payments, 22 U.S.C. § 4060; social security payments, 42 U.S.C. § 407; civil service retirement benefits, 5 U.S.C. § 8346; veterans benefits, 38 U.S.C. § 5301; military survivors' benefits, 10 U.S.C. § 1450(i); and federally insured or guaranteed student loans, grants, and work assistance, 20 U.S.C. § 1095a(d).  *See* 4 Collier on Bankruptcy, ¶ 522.02[3], p. 522-18 (16th ed. 2009).

MEMORANDUM OF DECISION - 17

§ 522(b)(3)(B) because, while that statute protects property held jointly, it also limits any exemption "to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law[.]" 11 U.S.C. § 522(b)(3)(B). In other words, Trustee contends that in addition to demonstrating that Debtor owns an interest in the mobile home as a joint tenant, she must also show that her interest is beyond the reach of her creditors under Idaho law. Trustee is correct.

Requiring that property be "exempt from process under applicable nonbankruptcy law" is somewhat different than merely requiring that it qualifies under one of a state's exemptions statutes. Although exemption statutes may provide one avenue to exempt property from process, it is not the sole method to do so. *See, e.g. In re Hunter*, 970 F.2d 299, 307 (7th Cir. 1992) (noting that state common law may also protect property from process). In *In re Hunter*, the court explained that the language "exempt from process" in § 522(b)(3)(B) "should not be read to refer to state statutory exemptions, because such exemptions are already accounted for in [§ 522(b)(3)(A)]." *Id.* (citing *Napotnik v. Equibank & Parkvale Savings*

MEMORANDUM OF DECISION - 18

*Assoc.*, 679 F.2d 316, 318-19 (3d Cir. 1982).  Rather, the phrase "should be read to refer to the immunity from process by individual creditors that state common law may grant to entirety property."  *Id*.

"The applicability of § 522(b)(3)(B) . . . depends upon the treatment of such tenancies under state law.  Generally, it protects the debtor's entireties interest if a creditor of only the debtor could not have levied upon that interest outside of bankruptcy, by making such an interest exempt."  4 Collier on Bankruptcy, ¶ 522.10[3], at 522-85 (16th ed. 2009).  Debtor does not hold her interest in the mobile home by "entirety."  And it has long been the law in Idaho that property jointly-owned with another is subject to the claims of the co-owners' creditors.  *See Baggett v. Pace*, 10 P.2d 301 (Idaho 1932).  As a result, Debtor has failed to show, under Idaho law, that her joint interest in the mobile home would be "exempt from process."  Debtor's attempt to exempt the mobile home under § 522(b)(3)(B) fails.

MEMORANDUM OF DECISION - 19

## Conclusion

For the reasons set forth herein, Debtor is not entitled to exempt her

joint interest in the mobile home pursuant to § 522(b)(3)(B).  Her claim of

exemption will be denied by separate order.

Dated:  April 30, 2010

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 20