# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

In Re:

**JACQUELINE M. ANTONIE,**

**Debtor.**

**Bankruptcy Case
No. 09-01569-JDP**

---

## MEMORANDUM OF DECISION
### Re: STATUS CONFERENCE

---

Appearances:

> Brian J. Coffey, BEST BANKRUPTCY SERVICE, Boise, Idaho, attorney for Debtor.

> Jeremy Gugino, Chapter 7 Trustee.

## *Introduction*

On May 12, 2010, counsel for Debtor Jacqueline Antonie, Brian

Coffey, filed an Amended Schedule C asserting her claim of exemption in a

mobile home. Docket No. 61. The amended schedule was accompanied by

MEMORANDUM OF DECISION – 1

what was purported to be Debtor's sworn declaration indicating she had

signed the amended schedule ("Declaration").  Docket No. 62.

In response to Debtor's filings, Chapter 7 trustee Jeremy Gugino

("Trustee") objected to the amended claim of exemption.  Docket No. 63.

Trustee's objection was thereafter briefed by the parties, and an evidentiary

hearing was conducted on July 9, 2010, at the conclusion of which the

Court issued an oral ruling sustaining Trustee's objection to the claim of

exemption.  Docket Nos. 66-70.  A separate order was entered reflecting the

Court's decision.  Docket No. 71.  Debtor appealed that decision and order

to the U.S. District Court, Case No. Civ-10-372-BLW.  Docket Nos. 72-79.

The appeal remains pending.

Several weeks after the hearing and decision by this Court, the Clerk

brought to the Court's attention that counsel for Debtor had never

submitted the original, signed version of Docket No. 62, Debtor's

Declaration concerning the veracity of her amended schedule C, Docket

No. 61.  After several requests by the Clerk to the Debtor's attorney to

comply with applicable rules, the Court scheduled a Status Conference in

MEMORANDUM OF DECISION – 2

the bankruptcy case to discuss this compliance issue with Mr. Coffey. *See*

Minutes, Docket No. 81; Transcript, Docket No. 83. Counsel appeared at

the Status Conference and explained that, even though he had indicated on

the electronically filed Declaration that Debtor had signed it, he in fact did

not have the original, signed Declaration, and so he could not submit it to

the Clerk. However, counsel insisted that he had discussed the contents of

the amended schedule with his client, and that she had authorized him to

file it. Transcript at 3, Docket No. 83.

At Mr. Coffey's request, the Court allowed him to obtain and file an

affidavit of Debtor regarding the circumstances surrounding the filing of

the amended schedule C and the Declaration. Such an affidavit was filed

on February 9, 2011. Docket No. 82. In the affidavit, Debtor stated that she

could not remember if Mr. Coffey ever asked her to sign a Declaration

concerning the amended claim of exemption filed in May 2010. However,

Debtor avers that if he had timely done so, she would have obliged. *Id.* at

¶ 8. Moreover, Debtor indicated that she has now signed a "print out" of

the filed Declaration in an effort to ratify her concurrence in its contents, a

MEMORANDUM OF DECISION – 3

copy of which is attached to the affidavit.[1]  *Id*. at ¶ 9.

Mr. Coffey's office practices, as well as his failure to abide by the ECF rules in a large number of bankruptcy cases, was carefully documented recently in Chief Judge Myers' decision in *In re Daw et al.*, Case No. 09-00690-TLM, Docket No. 44 (Jan. 24, 2011).  Simply put, as discussed in that decision, through his flawed and cavalier approach to compliance with this Court's procedures concerning signatures on sworn bankruptcy schedules and pleadings, Mr. Coffey has compromised the integrity of the electronic filing process.

In this case, Mr. Coffey's attempt to pass off an unsigned Declaration as a sworn document is likely worthy of discipline.  However, the Court is hopeful that Chief Judge Myers' admonitions to Mr. Coffey concerning his shoddy practices, and the sanctions imposed in the *Daw* decision, are

---

[1]  There is no indication in the docket that the original version of this signed "print out" was ever submitted to the Clerk.  Therefore, as things now stand, Mr. Coffey still has not complied with local rules and procedures requiring submission of original documents with "wet" signatures for schedules and amended schedules.  *See* General Order 187, LBR 5003.1 and ECF Procedures 13.A and 13.B.

MEMORANDUM OF DECISION – 4

sufficient to address the problem.  As such, no additional action will be taken against Mr. Coffey in this case.  Of course, Mr. Coffey should know this Court will not tolerate any further excuses or attempts to skate on compliance with the ECF rules.

But there is a further complication in this case occasioned by Mr. Coffey's attempt to use an unsigned schedule to claim an exemption for his client.  Here, Trustee and the Court relied upon the amended schedule C filed by Mr. Coffey, and significant proceedings have been undertaken in this Court, and now on appeal, in reliance on the regularity of the record. In retrospect, Mr. Coffey's failure to file a properly signed amended claim of exemption would have served as a separate, independent basis for this Court's order sustaining Trustee's objection to that exemption claim.  That Debtor has now purported to "ratify" the unsigned Declaration does not fix the problem.  Under these facts, Trustee could now likely argue that the conduct of Debtor and her attorney serve as an independent basis to deny the exemption.  *See Crawforth v. Bachman (In re Bachman)*, 07.4 I.B.C.R. 82, 94 (Bankr. D. Idaho 2007) (debtor's bad faith in filing amendment to schedule

MEMORANDUM OF DECISION – 5

C warranted denial of exemption); *In re Hamilton*, 93 I.B.C.R. 227, 229

(Bankr. D. Idaho 1993) (also finding bad faith in late-filed claim of

exemption); *see also Arnold v. Gill (In re Arnold)*, 252 B.R. 778 (9th Cir. BAP

2000) (discussing bad faith and prejudice to creditors and trustee in context

of late-claimed exemption.)

The conduct of Debtor's attorney may constitute good cause for

relief from the Court's order previously entered in this case under Fed. R.

Bankr. P. 9024 and Fed. R. Civ. P. 60(b).  Of course, the Court's decision

concerning Debtor's amended claim of exemption is now on appeal to the

District Court, and this Court therefore lacks jurisdiction to consider any

request by Trustee to revisit the issues.  *Davis v. Yageo Corp.* , 481 F.3d 661,

685 (9th Cir. 2007); *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th

Cir. 1986).  However, were Trustee to request relief from the prior order,

and were the District Court inclined to grant a limited remand, this Court

would promptly schedule a further hearing to allow Trustee and Debtor to

be heard concerning whether the amended claim of exemption in question

should be disallowed based upon the events unearthed after the Court

MEMORANDUM OF DECISION – 6

initially ruled on Trustee's objection.  *See Davis v. Yageo Corp.*, 481 F.3d at

685 (providing that if a Rule 60(b) motion is filed after appeal, and the trial

court indicates its inclination to consider the motion, the appellate court

may grant a limited remand); 1 Fed. Appellate Prac. Guide, 9th Cir., § 5.38

(2d ed. 2010).

    A copy of this decision will be transmitted to the District Court for

its consideration and information.

Dated:  March 22, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 7